LAW OFFICE OF KEN SCHNEIDER, PS
2015 33rd Street
Everett, WA 98201
(425) 258-2704

The Honorable Marc Barreca
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re

LAWRENCE RICHER and
KATHLEEN RICHER

Debtor(s)

IN PROCEEDINGS UNDER CH. 7

NO. 17-13288

RESPONSE TO MOTION BY THE
UNITED STATES TRUSTEE FOR
DISGORGEMENT AND SANCTIONS

COMES NOW, Ken Schneider, and responds The Motion by the United States Trustee for Disgorgement and Sanctions.

I spent about one hour with the debtors at our initial meeting on March 28, 2017. At that meeting I gave Mr. and Mrs. Richer a "bankruptcy packet". It contained, among other things, a "Bankruptcy worksheet", "Information for Clients Considering Bankruptcy" and a fee agreement. They scheduled an appointment to turn in the bankruptcy packet on July 6, 2017. I spent about an hour with them reviewing the bankruptcy worksheet and completing it. The bankruptcy worksheet was very incomplete when they met with me to turn it in. We reviewed the worksheet together, Mr. and Mrs. Richer answered each incomplete question. As I asked them the unanswered income questions they responded, and I wrote it down on the worksheet. Attachment A. For some of their answers they referred to their 2016 tax return which one of them was physically holding. From those worksheets my office prepared a bankruptcy petition, schedules, Statement of Financial Affairs, and Means Test for the debtors. It typically takes my staff about 2 hours to prepare a Chapter 7 bankruptcy.

RESPONSE TO MOTION - 1

LAW OFFICE OF KEN SCHNEIDER, PS
2015 33RD STREET
EVERETT, WA 98201 (425) 258-2704

There are clearly three categories of income on the worksheet (employment, business and other). See, Attachment A. There are questions in the worksheet regarding gambling losses and sale of property that they specifically answer "none". Attachment B. I sent them a copy of their bankruptcy petition, schedules, and SOFA on July 25, 2017. The email states "A draft is attached for your review. Please make sure all the questions are answered correctly." They responded, "This looks good" (they obviously actually reviewed the paperwork because they pointed out some corrections that needed to be made). Attachment C. On August 3, 2017 I sent the debtors a complete copy of what had been filed with the court. The letter sent with it states "A copy of what was filed has been sent to you. Please review it carefully. Any omissions or inaccuracies will need to be corrected." Attachment D. Although the Trustee was not concerned about the inaccuracy of the documents filed in Mr. and Mrs. Richers' case, I was. On August 31, 2017 I sent them an email stating:

> The Trustee has requested copies of all of your bank statements for 2017. This is unusual and is not an issue covered by the base fee and the time spent on this matter will be billed in addition to your base fee. Please provide all of these either as hard copies or a pdf documents.
>
> The 2016 tax return you provided indicates $103,793 in gambling income, a $110,171 capital loss, and a $8,255.00 loss. The itemized deductions list gambling losses of $103,793.00. Schedule E shows rental income of $3,300. Form 4797 shows the sale of property (444 Golden). All of this information should have been disclosed on your bankruptcy worksheet and in the Statement of Financial Affairs that was filed (there are several questions that are not answered correctly ... income, losses, sale of assets, operation of a business).
>
> This has the potential of becoming a huge mess. Dealing with that mess is not included in what you have already paid me. If there is any additional time that needs to be spent on your case I will require a $1,500.00 advance fee deposit. I will deduct the additional time already spent on your case and deposit the balance to my trust account to be billed against. I will let you know if that is necessary, I just want you to be prepared. Ken

RESPONSE TO MOTION - 2

LAW OFFICE OF KEN SCHNEIDER, PS
2015 33RD STREET
EVERETT, WA 98201 (425) 258-2704

I made Mr. and Mrs. Richer aware of the potential for a problem and they responded with "I'm not sure why this has 'the potential for becoming a huge mess. ", Attachment E.

The debtors had elected not to have me involved in the audit. This is something that they would be billed in addition for and they had elected to deal with the audit themselves. Therefore, I did not review the tax return or other documents prior to them being sent the auditor. The audit identified one Material Misstatement "We identified a transfer of property not reported on the SOFA, Question 18. The debtor sold property located at 444 Golden State Street, Henderson NE 89012 on May 17, 2016".

In response to the question on the worksheet "List any income received, not listed above (e.g., sale of a home or other assets … ) they only disclosed social security income. In response to "List all property, other than property transferred in the ordinary course your business or financial affairs, sold, traded, gifted or otherwise transferred … ." they did not list the sale of the house.

For whatever reason the debtors chose to not accurately answer questions on the worksheet that I provided to them. They failed to disclose that the questions were not answered correctly when I sent them a draft copy of their paperwork prior to meeting with them to sign it. They failed to disclose that the answers to the questions were not correct when I met with them to sign their paperwork. And they failed to disclose that the answers to the questions were not correct when they testified at the Creditor's Meeting. There is no assertion that I was aware of their perjury, only that I would have been aware of it if I had reviewed their 2016 tax return. The fact that they were holding the tax return and referring to it in answering my question justifies my reliance on their statements.

RESPONSE TO MOTION - 3

LAW OFFICE OF KEN SCHNEIDER, PS
2015 33RD STREET
EVERETT, WA 98201 (425) 258-2704

The fees in this case were reasonable considering the amount of time it took to complete the representation and the quality of the services. As their attorney I spent at least 3 hours on this case (initial meeting with clients, meeting with clients to turn in paperwork, meeting with clients to sign paperwork, attending 341 meeting, emails and phone calls). Additionally, my staff spent at least three hours on this case (preparing documents, docketing ECF documents, and correspondence with clients). I have been practicing for over 20 years and my current hourly rate is $350.00 per hour. I bill my paralegals time at $125.00 per hour.

A bankruptcy court may examine the reasonableness of a debtor's attorney fees and, if such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment to the extent excessive. 11 U.S.C. §329(b). *In re Dean* 401 B.R. 917 (Bankr. D. Idaho 2008) is an unfortunate case, personally, I believe that an attorney should be able to rely on the statements made to them by their clients. The case is not controlling and should not be relied on by this court. That being said reading the opinions in *Hale v. Unties States Trustee,* 509 F.3d 1139 (2007) and *In re Kayne* 435 B.R. 373 (9th Cir. BAP 2011), despite egregious attorney conduct (which isn't present in this case) have caused me to re-assess my approach to preparing cases. I now require clients to provide all Rule 4002 documentation (that is available at the time of preparing the bankruptcy) when they turn in the worksheets *and* I review it to confirm that the information provided in the worksheets is consistent with the tax returns and paystubs. I am also reviewing the cost and feasibility of requiring each debtor to provide a credit report. This will assure that all available information has been taken into account and allow me to better protect my clients from their own behavior.

I believe that the debtors' problems were caused by them not completing the worksheets

RESPONSE TO MOTION - 4                    LAW OFFICE OF KEN SCHNEIDER, PS
                                          2015 33RD STREET
                                          EVERETT, WA 98201 (425) 258-2704

properly and not identifying the inaccurate answers on the SOFA. I also believe that some of those problems would have been identified and could have been avoided if I had reviewed their tax return instead of relying on the statements that they had made to me. The changes that I have put into place in preparing bankruptcy petitions will address this issue and assure that it does not happen again.

DATED: 2/20/2019

Ken Schneider, WSBA #22410

## VII. STATEMENT OF FINANCIAL AFFAIRS QUESTIONS

**1. SPOUSES, FORMER SPOUSES, CHILD SUPPORT OR MAINTENANCE.** If you lived in a community property state or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of your spouse (if they are not filing with you) and of any former spouses who reside or resided with the you in the community property state. ☑ None

NAME(S): _____

If you pay child support, maintenance or alimony, provide the name, address and phone number of the recipient. If paid to a government agency for disbursement provide the name and address of the agency.
☑ None

**2. INCOME FROM EMPLOYMENT.** List your gross income (wages, commissions, bonuses and tips before any deductions) from employment from the beginning of the calendar year to the present and the gross amounts received during the preceding TWO YEARS. If a joint petition is filed, state income for each spouse separately. ☐ None

|  | Debtor 1 | Source | Debtor 2 | Source |
|---|---|---|---|---|
| 17 This year | $ — |  | $ — |  |
| 16 Last year | $25353 | wages | $ — |  |
| 15 Year before | $36,000 |  | $ — |  |

**3. INCOME FROM OPERATION OF BUSINESS.** List your gross revenues from the operation of a business from the beginning of this calendar year to the present and the gross amounts received during the preceding TWO YEARS. If a joint petition is filed, state income for each spouse separately.
☐ None

|  | Debtor 1 | Source | Debtor 2 | Source |
|---|---|---|---|---|
| This year | $1630.00 | Notary | $ |  |
| Last year | $ ~~$~~100 |  | $ |  |
| Year before | $ -0- |  | $ |  |

**4. OTHER INCOME.** List any income received, not listed above (e.g., sale of a home or other assets, unemployment, disability, social security, retirement withdrawal), whether taxable or not, from the beginning of the calendar year to the present and any received during the preceding TWO YEARS. Give particulars. If a joint petition is filed, state income for each spouse separately. ☐ None

|  | Debtor 1 | Source | Debtor 2 | Source |
|---|---|---|---|---|
| This year | $1896/mth | Soc. Security | $ | Soc. Security |
| 16 Last year | ($1892 x 12) |  | $15,862 |  |
| Year before | ($1892 x 2) |  | $15,862 |  |

BANKRUPTCY WORKSHEET - 17     ATTACHMENT A

**11. LOSSES.** List all losses from fire, theft, other casualty or gambling within the last 12 months. ☒ None

| Description and value of property | Circumstances of loss | Date of loss | Insurance Coverage |
|---|---|---|---|
| _____ | _____ | __/__/__ | ☐ Yes ☐ No |
| _____ | _____ | __/__/__ | ☐ Yes ☐ No |

**12. PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY.** List all payments made or property transferred by you or on your behalf to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within the last 12 months.

Law Office of Ken Schneider, PS..................Amount paid $_____

Pre-bankruptcy counseling........................ Amount paid $_____. Date paid ___/___/___

Name and Address of Provider: _____

Name, address, amount and date paid to others: _____

**13. DEBT CONSOLIDATION.** In the last 12 months have you, or did anyone acting on your behalf, pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors? ☒ No ☐ Yes.

| Name and address of who was paid | Description and value of any property transferred | Date of payment or transfer | Amount of payment |
|---|---|---|---|
| _____ | _____ | __/__/__ | $_____ |
| _____ | _____ | __/__/__ | $_____ |

**14. OTHER TRANSFERS.** List all property, other than property transferred in ordinary course your business or financial affairs, sold, traded, gifted or otherwise transferred either absolutely or as security within the last FOUR YEARS. ☒ None

**House**

Transferee: _____

Address: _____

Relationship to Debtor: _____

Date of Transfer: _____

Property: _____

Value: _____

**Other**

Transferee: _____

Address: _____

Relationship to Debtor: _____

Date of Transfer: _____

Property: _____

Value: _____

ATTACHMENT B

BANKRUPTCY WORKSHEET - 20

**Ken Schneider**

**From:** Katie Richer <katiericher@hotmail.com>
**Sent:** Tuesday, July 25, 2017 7:58 AM
**To:** Ken Schneider
**Subject:** Re: Bankruptcy

Hi Ken
This looks good -except the HOA says $27 monthly and it is $325 and the cable and cell monthly bill is about $215.00
Do you need our bank statements when we come in to sign?
We will be calling today to set an appointment
Thank you
Katie

---

**From:** Ken Schneider <Ken@kenschneider.com>
**Sent:** Tuesday, July 25, 2017 1:54:39 AM
**To:** katiericher@hotmail.com; larryricher@gmail.com
**Subject:** Bankruptcy

Dear Mr. and Mrs. Richer – We have completed your bankruptcy petition. A draft is attached for your review. Please make sure all the questions are answered correctly. If you have questions you can email me or call me. If the paperwork is accurate please call my office to schedule an appointment to come in and sign. There is $600.00 due at signing. Thank you. Ken

Law Office of Ken Schneider, PS
2015 - 33rd Street
Everett, WA 98201
(425) 258-2704

CONFIDENTIALITY NOTICE.? If you have received this communication in error, please reply to the sender indicating that fact and delete this message from your system immediately.? This communication and the information contained within, along with any items attached, is privileged and confidential.? This communication is intended solely for the use of the named individual(s) above.? If you are not the intended recipient or if you believe you may have received this communication in error, you are hereby notified that any disclosure, copying, distribution or use of the information contained in this commincaiton is strictly prohibited.? Thank you.

ATTACHMENT C

# LAW OFFICE OF KEN SCHNEIDER, PS
2015 33rd Street
Everett, WA 98201
Telephone: (425) 258-2704
Facsimile: (425) 258-9561

**Attorney:** Ken Schneider– Ken@KenSchneider.com

**Paralegal:** Michelle Kinney– Michelle@KenSchneider.com
**Legal Assistant:** Tanya Richmond– Tanya@KenSchneider.com

---

August 3, 2017

Lawrence and Kathleen Richer
15512 Country Club Drive, B-25
Mill Creek, WA 98012

Re: Bankruptcy

Dear Mr. and Mrs. Richer:

Your bankruptcy was filed on July 26, 2017 and your case number is 17-13288. A copy of what was filed has been sent to you. Please review it carefully. Any omissions or inaccuracies will need to be corrected. There is a lot of important information in this letter, please read it carefully. Failure to follow the instructions in this letter will result in additional attorney fees being incurred and/or your case being dismissed.

## 4002 INFORMATION

Complete, sign and return the accompanying declaration. The declaration and supporting documents will be forwarded to the Trustee assigned to your case. **These need to be provided to our office by August 15, 2017.**

1. Most recent income information after filing. Typically this will be an additional paystub. But may include other documentation (e.g., profit and loss statement).
2. A complete copy of the most recent statement received after filing for all your bank accounts, investment accounts, mutual funds and brokerage accounts. "Statement" means the document that would have traditionally been mailed to you. It does not mean a print out of the register, ledger, or account activity. Redact any account numbers except the last four digits. Please provide statements for your Banner Bank, Key Bank and BECU accounts. These must include your date of filing, 7-26-17.
3. Unavailable documentation. If any information is unavailable provide a written explanation as to why and attach it to the declaration.

Attach this information to the declaration, sign it and return it to our office. You may return it via email to Tanya at Tanya@KenSchneider.com (in a pdf document) fax, or hard copies. If you provide us with hard copies, please provide copies on 8.5" x 11" paper (not originals). If this information is not provided to our office by the deadline noted above the Trustee may not receive it by the deadline set by the court. Which means that your creditor's meeting may be continued and you will be charged additional fees for coordinating and attending a second creditor's meeting. Also, if the information is incomplete or

**Ken Schneider**

**From:** Larry Richer <larryricher@gmail.com>
**Sent:** Monday, September 04, 2017 4:16 PM
**To:** Ken Schneider
**Subject:** Re: Additional information requested by the Trustee

KEN:

Thank you for your email. In review, we see that there were some items that were not included. It was not our intention to omit any items and we want to be forthcoming with all the information required. We would very much like to get all of this cleared up. In response to the items listed:

Gambling income: On your worksheet there were no questions regarding gambling income that we could see. On the bankruptcy petition, it asked for losses. As we discussed with trustee winnings were offset by losses and the petition indicated zero. If this was incorrect we probably could have used some guidance as how to correctly fill out the form.

Capital Loss: We totally missed the sale and rental income (sold in May, 2016) of my parents house in Henderson. We mistakenly did not think of this as a business and at the time of the sale we had no intention of filing for bankruptcy. Even so, the information was included in the tax schedule that we submitted.

Ken, we want you to know that we are not trying to hide anything. I do admit, that in our haste, we did not thoroughly review the documents as carefully as we should have and this we regret. All of this information, however, was included in the supporting documents. In your list of services provided, "Review of your Bankruptcy Worksheet, creditor forms and supporting documents and a request for any omitted information---would have been helpful to us. We were concerned when we did not hear from your office regarding the review of our documents prior to the meeting and we incorrectly made the assumption that everything must be OK.

I'm not sure why this has "the potential for becoming a huge mess." I know that the trustee indicated she found online that our condo recently sold. I'm sure that would be cause for her to think we're hiding something but her information is false. That can be verified on the Snohomish County Assesor website.

It appears that an amendment can be filed to correct ommissions. We will have bank statements by the end of the week as some of them needed to be ordered because the bank closed the account. We would be happy to forward these on to the trustee.

Larry and Katie Richer
702-524-4193


On Thu, Aug 31, 2017 at 1:15 PM, Ken Schneider <Ken@kenschneider.com> wrote:

Mr. and Mrs. Richer -

The Trustee has requested copies of all of your bank statements for 2017. This is unusual and is not an issue covered by the base fee and the time spent on this matter will be billed in

addition to your base fee. Please provide all of these either as hard copies or a pdf documents.

The 2016 tax return you provided indicates $103,793 in gambling income, a $110,171 capital loss, and a $8,255.00 loss. The itemized deductions list gambling losses of $103,793.00. Schedule E shows rental income of $3,300. Form 4797 shows the sale of property (444 Golden). All of this information should have been disclosed on your bankruptcy worksheet and in the Statement of Financial Affairs that was filed (there are several questions that are not answered correctly ... income, losses, sale of assets, operation of a business).

This has the potential of becoming a huge mess. Dealing with that mess is not included in what you have already paid me. If there is any additional time that needs to be spent on your case I will require a $1,500.00 advance fee deposit. I will deduct the additional time already spent on your case and deposit the balance to my trust account to be billed against. I will let you know if that is necessary, I just want you to be prepared. Ken

Law Office of Ken Schneider, PS

2015 – 33rd Street

Everett, WA 98201

(425) 258-2704

**CONFIDENTIALITY NOTICE.** If you have received this communication in error, please reply to the sender indicating that fact and delete this message from your system immediately. This communication and the information contained within, along with any items attached, is privileged and confidential. This communication is intended solely for the use of the named individual(s) above. If you are not the intended recipient or if you believe you may have received this communication in error, you are hereby notified that any disclosure, copying, distribution or use of the information contained in this commincaiton is strictly prohibited. Thank you.