Honorable Marc Barreca
Chapter 7
Hearing Date: February 27, 2019
Hearing Time: 10:00 a.m.
Response Due: February 20, 2019

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re: ) | Case no. 17-13288 |
| ) | |
| Lawrence F Richer and Kathleen M Richer, ) | |
| ) | UNITED STATES TRUSTEE'S REPLY |
| ) | TO RESPONSE TO MOTION FOR |
| Debtors. ) | DISGORGEMENT AND SANCTIONS |
| ) | |

Acting United States Trustee Gregory M. Garvin hereby replies to the response (the "Response") filed by Ken Schneider to the United States Trustee's motion for disgorgement and sanctions (the "Motion").

In his Response, Mr. Schneider agrees that in all future cases he will obtain and review the debtor's most recent tax return and other information required by Bankruptcy Rule 4002(b) as part of his due diligence in preparing bankruptcy schedules and statements. In light of that change in practice, the United States Trustee is willing to withdraw the request for sanctions. However, the United States Trustee still requests disgorgement of the $1,200 fee Mr. Schneider received from Mr. and Mrs. Richer (together, the "Debtors").

As set forth in the Motion, as a direct result of Mr. Schneider's failure to look at the Debtors' tax return – a return the Debtors gave him early on and prior to finalization of the Debtors' bankruptcy schedules – materially inaccurate schedules were filed.[1] Yes, as Mr. Schneider points out in the Response, the Debtors should have exercised more diligence in their

---

[1] As the transcript excerpts cited in the support of the Motion reflect, Mr. Schneider did not look at the tax return in preparing the schedules, before sending it to the chapter 7 trustee for the meeting of creditors, or before sending it to the auditor.

REPLY OF UNITED STATES TRUSTEE - 1

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

review of the worksheet provided by Mr. Schneider and the draft schedules. However, that lack of diligence on the Debtors' part does not excuse Mr. Schneider's own lack of diligence as their bankruptcy attorney. If he had taken a few minutes to review the Debtors' tax return, he would have quickly noticed material discrepancies between the return and the worksheets/draft schedules that required clarification as part of finalizing and filing the schedules.

Several events flowed from Mr. Schneider filing the inaccurate schedules, including an adverse debtor audit finding and the filing of a complaint by the United States Trustee objecting to the Debtors' discharge. The United States Trustee ultimately determined that dismissal of the adversary proceeding was appropriate, in part because of Mr. Schneider's testimony at his deposition that he had the tax return from the beginning but that he believed he had no duty to look at it. The adverse audit findings and the filing of the adversary proceeding caused the Debtors to incur additional costs and expenses that would not have been necessary if Mr. Schneider exercised reasonable due diligence in the preparation of the Debtors' bankruptcy schedules.

In conclusion, under the facts and circumstances of this case, the $1,200 fee received by Mr. Schneider exceeds the reasonable value of his services for purposes of section 329(b). The United States Trustee therefore respectfully requests that the Motion be granted, and Mr. Schneider be required to disgorge the $1,200 within a reasonable time to the Debtors or the chapter 7 trustee, whichever the Court deems appropriate.

Date: February 22, 2019

Respectfully Submitted,

GREGORY M. GARVIN
Acting United States Trustee for Region 18

/s/ *Martin L. Smith*
Martin L. Smith, WSBA #24861
Attorney for the United States Trustee

REPLY OF UNITED STATES TRUSTEE - 2

Office of the United States Trustee
700 Stewart St., Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 17-13288-MLB    Doc 44    Filed 02/22/19    Ent. 02/22/19 11:17:12    Pg. 2 of 2